IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,913-01






EX PARTE FIDEL ANGEL QUINTANILLA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F03-56929-U IN THE 291ST DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk
of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young,
418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and
sentenced to eighteen years' imprisonment. The 5th Court of Appeals affirmed his conviction.
Quintanilla v. State, No. 05-04-1582-CR (Tex. App. - Dallas, delivered November 14, 2005, pet.ref'd).

 Applicant contends, inter alia, that his plea was involuntary because counsel told him that if he
changed his plea to guilty he would receive a punishment of six years, but instead he received a sentence
of eighteen years. There is no response from counsel and no findings of fact from the trial court.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim
that his plea was involuntary. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 26, 2006

Do not publish